UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYLENE ZEIGER,<br><br>                Plaintiff,<br><br>   v.<br><br>HOTEL CALIFORNIA BY THE SEA LLC et al.,<br><br>                Defendant. | Case No. C21-1702-TL-SKV<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY |

## I.    INTRODUCTION

This is an employment discrimination case filed by Plaintiff Aylene Zeiger against Defendant Hotel California by the Sea LLC and other unnamed individual and corporate defendants. After removing this action from King County Superior Court, Defendant Hotel California filed a Motion to Compel Arbitration. Dkt. 15. Subsequently, on March 4, 2022, Plaintiff served Defendant with her first set of interrogatories, requests for production, and requests for admission. *See* Dkt. 23 ¶ 2, Ex A.

On March 8, 2022, Defendant's counsel conferred with Plaintiff's counsel regarding a stay of discovery pending resolution of Defendant's Motion to Compel Arbitration, but the parties were unable to reach an agreement. Dkt. 23 ¶ 3. Defendant then filed the present Motion

ORDER GRANTING DEFENDANT'S MOTION
TO STAY DISCOVERY - 1

for Protective Order to Stay Discovery Pending Resolution of Motion to Compel Arbitration ("Motion to Stay"). Dkt. 22. Having thoroughly considered the parties' briefing, the Court hereby GRANTS Defendant's Motion to Stay, Dkt. 22, for the reasons explained herein.

## II.   BACKGROUND

Plaintiff is a 58-year-old certified chemical dependency counselor with a state certification as a clinical supervisor. Dkt. 1-2 ¶ 11. Defendant provides drug and alcohol rehabilitation services. *Id.* at ¶ 12. On or about February 4, 2019, Plaintiff began working for Defendant's drug and alcohol rehabilitation center in Bellevue, Washington as a Lead Case Manager. *Id.* at ¶¶ 13–14. On March 15, 2019, Plaintiff was promoted to Clinical Supervisor. *Id.* at ¶ 16. On June 5, 2019, Plaintiff received a salary raise. *Id.*

Plaintiff's job duties as Clinical Supervisor included overseeing clinicians and therapists, reviewing and approving documents related to client care, training employees, and carrying her own caseload. Dkt. 1-2 ¶ 20. Plaintiff alleges Defendant depended heavily on her certifications because the clinicians and therapists she supervised did not have similar credentials. *Id.* at ¶ 21.

In June 2019, Administrator Martin Gallegos, who was hired after Plaintiff, Dkt. 1-2 ¶¶ 15, 17, performed a 90-day assessment of Plaintiff's performance and gave her a positive performance review. *Id.* at ¶ 23. Administrator Gallegos also gave Plaintiff a positive performance review in October 2019. *Id.* at ¶ 25.

On or about September 25, 2020, however, Administrator Gallegos placed Plaintiff on an Employee Improvement Plan ("EIP"), citing alleged communication and time off approval issues. Dkt. 1-2 ¶ 26. Plaintiff contends there had been no changes in her performance, but she nonetheless completed the training required by the EIP. *Id.* at ¶ 27. On December 1, 2020,

1   Administrator Gallegos followed up on Plaintiff's EIP, noting satisfactory improvement in her
2   performance. *Id.* at ¶ 28.
3       On March 12, 2021, Defendant terminated Plaintiff's employment, allegedly for
4   performance-related reasons. Dkt. 1-2 ¶¶ 43–44, 46. At the time of Plaintiff's termination, she
5   was not on an EIP. *Id.* at ¶ 29. Plaintiff contends she was actually terminated because of her
6   age, *see id.* at ¶¶ 52, 61, and that Defendant engaged in a pattern of age-based discrimination
7   while Plaintiff was employed there, *id.* at ¶¶ 36–42.
8       On December 10, 2021, Plaintiff sued Defendant in King County Superior Court,
9   bringing claims for age discrimination and hostile work environment under Washington and
10  federal law, as well as a claim for negligent supervision and hiring and failure to train. Dkt. 1-2
11  ¶¶ 51–71. On December 29, 2021, Defendant removed the action to this Court, *see* Dkt. 1, and
12  on February 24, 2022, filed a Motion to Compel Arbitration. Dkt. 15.
13      Subsequently, on March 4, 2022, Plaintiff served Defendant with her first set of
14  discovery requests. *See* Dkt. 23 ¶ 2, Ex A. On March 8, 2022, Defendant's counsel conferred
15  with Plaintiff's counsel regarding a stay of discovery pending resolution of the Motion to
16  Compel Arbitration. Dkt. 23 ¶ 3. When the parties were unable to reach an agreement,
17  Defendant filed the present Motion to Stay. Dkt. 22.
18                        III.   DISCUSSION
19      Under Federal Rule of Civil Procedure 26(c), district courts, upon a showing of "good
20  cause," have broad discretion in determining whether to stay discovery pending the resolution of
21  a potentially dispositive motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Little v.*
22  *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts apply "a two-part test when deciding
23  whether to grant a stay of discovery based on a pending dispositive motion." *Ahern Rentals Inc.*

ORDER GRANTING DEFENDANT'S MOTION
TO STAY DISCOVERY - 3

*v. Mendenhall*, C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020). "First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery." *Id.* (citations omitted). This two-part test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." *Nguyen v. BMW of N. Am., LLC.*, 20CV2432-JLS(BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) (citation omitted). The "preliminary peek," however, is not intended to prejudge the outcome of the motion. *Id.* at 2 n.1 (citation omitted).

"Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule." *White v. Skagit Bonded Collectors, LLC*, No. C21-0697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022) (citations omitted). Even so, a "challenge to venue is a 'common example' of a situation warranting a stay of discovery." *Ahern Rentals Inc.*, 2020 WL 8678084, at *1 (quoting *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).

Defendant argues discovery should be stayed because (1) its Motion to Compel Arbitration is dispositive for the purposes of a stay, as discovery will be conducted by an arbitrator if the Motion is granted; (2) the Motion to Compel Arbitration can be decided without additional discovery; and (3) the Motion is sufficiently meritorious to warrant a stay. Dkt. 22 at 3.

Plaintiff, on the other hand, contends staying discovery would be improper because (1) motions to compel arbitration are not definitively dispositive; (2) Defendant's Motion to Compel Arbitration is meritless and unlikely to succeed; and (3) Defendant has failed to demonstrate it will suffer prejudice or harm if discovery is not stayed. Dkt. 25 at 4–7.

The Court, here, finds that Defendant has demonstrated the requisite good cause for the Court to stay discovery. Defendant's Motion to Compel Arbitration is potentially dispositive of this case. The Court recognizes that district courts are divided as to whether motions to compel arbitration are dispositive. *Compare Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F.Supp.2d 825, 827 n.1 (N.D. Cal. 2007) (noting split among district courts and issuing a report and recommendation on the motion to compel arbitration "in an abundance of caution"), *and Flannery v. Tri–State Div.*, 402 F.Supp.2d 819, 821 (E.D. Mich. 2005) (finding a motion to compel arbitration dispositive because "the effect of the magistrate judge's order is to terminate the litigation in this Court and transfer the case to another forum for a determination of the merits."), *and Arik v. Meyers*, 2:19-CV-01908-JAD-NJK, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020) ("[G]ranting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution. Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery."), *with Herko v. Metropolitan Life Ins. Co.*, 978 F. Supp. 141, 142 n.1 (W.D.N.Y.1997) (concluding that a motion to compel arbitration is not a dispositive motion because "the FAA provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged.").

However, magistrate judges in this district, when referred motions to compel arbitration, do not draft orders on those motions. Instead, they draft reports and recommendations recommending a certain disposition to the assigned district judge. *See, e.g., J.A. through Allen v. Microsoft Corp.*, C20-0640-RSM-MAT, 2021 WL 1723454, at *1 (W.D. Wash. Apr. 2, 2021), *report and recommendation adopted*, C20-0640-RSM, 2021 WL 1720961 (W.D. Wash. Apr. 30,

2021); *Redapt Inc. v. Parker*, 2:20-CV-00862-JLR-JRC, 2021 WL 915347, at *1 (W.D. Wash. Mar. 5, 2021).  This indicates that motions to compel arbitration are considered dispositive in this district.  *See* 28 U.S.C. § 636(b)(1)(B)(C).  Moreover, while Plaintiff argues that motions to compel arbitration are unlike "other established dispositive motions such as a challenge to venue or motion to dismiss" because compelling arbitration does not truly remove a matter from the district court, Dkt. 25 at 5, the Local Rules for the Western District of Washington construe motions to compel arbitration in the same manner as motions to remand or transfer, i.e., as "motions directed toward changing the forum . . . ."  This indicates that this district considers cases that are sent to arbitration to be removed from the district, at least for the duration of the arbitral proceedings.

Beyond this, Plaintiff concedes that the Motion to Compel Arbitration can be decided without additional discovery, Dkt. 25 at 6, and the Court, while not prejudging the outcome of the Motion, finds it sufficiently meritorious to warrant a stay.

Finally, additional considerations support a stay.  The stay will not unduly prejudice Plaintiff, as the parties have fully briefed the Motion to Compel Arbitration, the case has been pending for less than six months, and any stay is likely to be brief.  *See Nguyen*, 2021 WL 2284113, at *4.  But requiring Defendant to engage in discovery that may not be permitted or accepted in arbitration would prejudice Defendant.  *Id.*  A stay will also prevent the Court from expending judicial resources resolving potential discovery disputes which may not be relevant if this matter is sent to arbitration.  *Id.*

Defendant's Motion to Stay is therefore GRANTED.

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION
TO STAY DISCOVERY - 6

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay, Dkt. 22, is GRANTED. The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 12th day of May, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge